FILED
U.S. DISTRICT COURT

2008 JUN 24 AM 9: 13

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CLARENCE HENRY DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-010 |
| | ) | |
| JERRY SIKES, Warden, Montgomery | ) | |
| State Prison; GEORGIA DEPARTMENT | ) | |
| OF CORRECTIONS; THOMAS | ) | |
| GRAMIAK, Deputy Warden, Montgomery | ) | |
| State Prison; DIANNE FOSKEY DEES; | ) | |
| TAMMY STANKOWITZ; | ) | |
| BYRON FOUNTAIN, Sergeant, | ) | |
| Montgomery State Prison; JERRY | ) | |
| POWELL, Sergeant, Montgomery State | ) | |
| Prison; and MONTGOMERY STATE | ) | |
| PRISON, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Hankock State Prison in Sparta, Georgia, has submitted to the

Court for filing a complaint brought pursuant to 42 U.S.C. § 1983.[1]  Because Plaintiff's

complaint was filed *in forma pauperis*, it must be screened to protect potential defendants.

Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).  Pleadings drafted by *pro se*

litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per*

---

[1]At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at
Montgomery State Prison ("MSP") in Mount Vernon, Georgia.

*curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

## I. SCREENING THE COMPLAINT

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Jerry Sikes, Warden, Montgomery State Prison; (2) the Georgia Department of Corrections ("GDOC"); (3) Thomas Gramiak, Deputy Warden, Montgomery State Prison; (4) Dianne Foskey Dees; (5) Tammy Stankowitz; (6) Byron Fountain, Sergeant, Montgomery State Prison; (7) Jerry Powell, Sergeant, Montgomery State Prison; and (9) Montgomery State Prison ("MSP"). (Doc. no. 1, pp. 1, 4). Plaintiff contends that these Defendants violated his constitutional right, *inter alia*, by continuing to expose him to second hand smoke despite being on notice that it is causing his asthma to worsen, and by retaliating against him because he filed grievances regarding his exposure to second hand smoke. (Id. at 5-7).

According to Plaintiff, on May 29, 2007 he arrived at MSP. (Id. at 5). Plaintiff alleges that from the time he arrived at MSP to the date of his transfer, he was exposed to second hand smoke. (Id.). Also according to Plaintiff, he was advised by Nurse Pryor, a member of the medical staff at MSP, that his breathing capability has severely decreased due to the second hand smoke at MSP. (Id.). In addition, he claims that Nurse Pryor informed

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

2

Defendants Fountain, Gramiak, and Sikes of Plaintiff's worsening condition. (Id.). Plaintiff states that he complained of the second hand smoke to his counselor and several medical [personnel]; he also states that he has exhausted his administrative remedies. According to Plaintiff, Defendant Gramiak advised him that the GDOC or "them" could not do anything about the second hand smoke. (Id.). Plaintiff also claims that he was placed in the 'hole" by Defendants Powell and Fountain and not allowed to shower, exercise, nor see his law books, because he filed complaints/grievances regarding his exposure to the second hand smoke. (Id.).

Next, Plaintiff asserts that Defendant Dees would not allow him to mail six letters intended for the state and federal courts because he needed three stamps. (Id.). He also complains that Defendant Stankowitz would not provide him free legal copies of court rules. (Id. at 6).

Finally, Plaintiff alleges that in a visit to a dentist, the dentist not only pulled out the wrong tooth, but did so without administering pain medication. (Id.). Plaintiff notes that he informed Defendant Fountain that he was not given any pain medication, to which Defendant Fountain responded, "What do you expect, this is prison." (Id.). After Plaintiff filed an emergency grievance, the Court presumes about his dental visit, Defendant Fountain threatened to place Plaintiff in the "hole"; and Plaintiff claims that he was in fact placed in the "hole" and was not allowed to shower or do any legal work. (Id.). Plaintiff alleges that because of his lawsuit and grievance, he was locked down for four days without any recreation or shower. In addition, he claims that Defendant Powell intentionally gave him a food tray with a roach. (Id.).

3

Plaintiff seeks as relief compensatory and punitive damages, as well as injunctive relief to end his exposure to second hand smoke.

## II. DISCUSSION

### A. Claims Against the GDOC and MSP

Plaintiff's claims against the GDOC and MSP, fail. Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against the GDOC and MSP. That is, Plaintiff fails to set forth any allegations that the GDOC and MSP - as entities - are responsible for any possible constitutional violation and fails to explain how the GDOC and MSP are capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of a specific individual.

In addition, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between any actions of the GDOC and/or MSP with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants.

Moreover, to the extent Plaintiff seeks monetary damages from the GDOC, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state

4

are also immune from suit. <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (*per curiam*).

Simply put, "[t]here can be no doubt [] that suit against the State and its Board of Corrections

is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such

a suit."); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974); <u>see also</u> <u>Stevens</u>, 864 F.2d at 115

(Georgia Department of Corrections is barred from suit by Eleventh Amendment). Thus,

Plaintiff has not asserted any viable claims against the GDOC or MSP.

## B.    Access to the Courts

It appears Plaintiff may be trying to assert a denial of access to the courts claim when

he states that Defendants Dees and Stankowitz have prevented him from mailing letters to

the state and federal courts and have denied him copies of legal court rules. (Doc. no. 1, pp.

5-6).

To state a viable denial of access to the courts claim, a Plaintiff must plead and prove

actual injury to existing or contemplated litigation or nonfrivous (and therefore viable)

claims challenging Plaintiff's sentence or conditions of confinement. <u>Lewis v. Casey</u>, 518

U.S. 343, 349-55 (1996); <u>see also</u> <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir.

1998) (emphasizing that an inmate's right to access the courts is only implicated where there

is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or

collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh

Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as

follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This
> essential standing requirement means that [a defendant's] actions that
> allegedly violate an inmate's right of access to the courts must have impeded

5

the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Although Plaintiff states in a conclusory fashion that he was not permitted to mail certain letters to the state or federal courts and was denied a copy of court rules, Plaintiff alleges no facts which demonstrate that he had possibly viable claims that simply suffered from any deficiencies. Nor does he say that his inability to mail the letters resulted in a dismissal or any detriment to any case. Moreover, Plaintiff does not claim that he was denied all access to legal materials, only that he was not permitted to mail letters to the courts due to insufficient stamps, and was not provided a free copy of court rules. As such, Plaintiff's denial of access to the courts claims should be dismissed.

## C. Dental Claims

To the extent Plaintiff is attempting to allege that his Eighth Amendment rights were violated, when his "wrong" tooth was pulled, his claim must fail. As previously noted, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations

omitted). Here Plaintiff does not name the dentist who allegedly pulled the "wrong" tooth, nor does he imply that any of the named Defendants were in any way responsible for the "wrong" tooth being pulled. In the absence of an allegation of any such connection between any actions of any Defendant with the alleged unconstitutional deprivation, Plaintiff fails to state a viable Eighth Amendment claim concerning his tooth pulling.

## D.    Injunctive Relief

To the extent Plaintiff is seeking injunctive relief to end his exposure to second hand smoke at MSP, his claims fail. Plaintiff has been transferred from MSP to Hancock State Prison. (Doc. no. 11). Section 1983 claims seeking injunctive relief are rendered moot when a prisoner is released from the facility where the alleged unconstitutional conduct occurred. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). Thus, any claims for which Plaintiff is seeking injunctive relief against Defendants Sikes and Gramiak to cease his exposure to second hand smoke are moot because Plaintiff has been transferred out of the facility where the alleged unconstitutional conduct occurred.

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants GDOC, MSP, Dees, and Stankowitz, as well as Plaintiff's Eighth Amendment claim concerning his tooth pulling and any claims for injunctive relief be **DISMISSED** from

the case.[3]

SO REPORTED and RECOMMENDED this ⁊⁊ day of June, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

_____

[3]By separate Order, the Court has directed that service of process be effected on Defendants Sikes and Gramiak regarding Plaintiff's Eighth Amendment claim for deliberate exposure to harmful second hand smoke, and on Defendants Fountain and Powell for Plaintiff's First Amendment retaliation claims.