IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CLARENCE HENRY DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-010 |
| | ) | |
| JERRY SIKES, Warden, Montgomery | ) | |
| State Prison, et la., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Montgomery State Prison ("MSP") located in Mount Vernon, Georgia when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is presently before the Court on Plaintiff's "Extraordinary Emergency Order Requested," in which he provides that by transferring Plaintiff to HSP from MSP, the Georgia Department of Corrections has "intentionally placed Plaintiff in a hostile violent prison. . . ." (Doc. no. 12). Plaintiff thus seeks a Court order directing that he be placed in a "safe house, federal custody, or back to Bartow County Jail." (Id.). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**.

---

[1] Plaintiff was recently transferred to Hancock State Prison ("HSP") located in Sparta, Georgia. (Doc. no. 11).

## I. BACKGROUND

The complaint in this case alleges that Defendants violated his constitutional right, *inter alia*, by continuing to expose him to secondhand smoke despite being on notice that it is causing his asthma to worsen, and by retaliating against him because he filed grievances regarding his exposure to secondhand smoke. (Doc. no. 1, pp. 5-7). The Court sanctioned Plaintiff's Eighth Amendment claim against Defendants Sikes and Gramiak based on the claim that they were purportedly aware of Plaintiff's deliberate exposure to harmful secondhand smoke, resulting in Plaintiff's decreased breathing capabilities and aggravated asthma. (Doc. no. 13).

## II. DISCUSSION

Parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the one-page instant motion, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let

2

alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants, or that the injunctive relief would not be adverse to the public interest. Plaintiff does not cite, and the Court is not aware of, any viable legal or statutory justification for his position that a state prisoner should be removed from the custody of state officials and placed in the custody of federal officials simply so that he can avoid exposure to secondhand smoke, receive medical treatment, or avoid alleged "hostile" state prisons. Although Plaintiff requests that the Court transfer him from HSP to federal custody, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224 (1976). Thus, Plaintiff has no right to be housed in a federal correctional facility.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a*

3

*strong threat* of irreparable injury . . . is an adequate basis." Id.

Plaintiff contends that the Georgia Department of Corrections has transferred him to a "hostile" and "violent" prison. (Doc. no. 12). Plaintiff also maintains, *inter alia*, that he is being exposed to secondhand smoke and that his "health condition [and] need[s] are neglected." (Id.). Presumably, Plaintiff concludes that a transfer to another facility would ensure his health and security. (See id.). In any event, Plaintiff has not provided the Court with specific facts demonstrating how his current place of confinement has actually threatened his security or how prison officials have "neglected" his health condition. Indeed, Plaintiff's concerns regarding his health and safety appear to be merely speculative. Furthermore, Plaintiff has not alleged, and the Court has no reason to presume, that a transfer to federal custody would ensure his safety or eliminate all exposure to secondhand smoke.[2] As such, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury. Therefore, because Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief, his motion for injunctive

---

[2]"It is the policy of the Georgia Department of [C]orrections to restrict the possession and consumption of tobacco products . . . in all correctional facilities . . . ." SOP IIA09-0001 § I (Eff. date Aug. 1, 2001). To that end, "[s]moking and the use of tobacco products by inmates will be permitted in designated outside areas at prescribed times in all facilities/centers. Smoking and the use of tobacco products by inmates shall be prohibited inside any building . . . ." Id. § VI(A)(1). Under the applicable Bureau of Prisons ("BOP") Program Statement, the BOP has restricted areas and circumstances where smoking is permitted within its institutions. Program Statement P1640.04 § 551.160 (Eff. date July 15, 2004). According to the Program Statement, "[t]he designation of smoking areas may reduce exposure to second hand smoke." Id. Furthermore, wardens "must designate a smoking area for use in instances where smoking is part of an authorized inmate religious activity" and "may designate only outdoor smoking areas for general inmate use . . . ." Id. § 551.162. As such, transfer to a federal facility would not guarantee confinement without exposure to secondhand smoke.

4

relief should be **DENIED**.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief (doc. no. 12) be **DENIED**.

SO REPORTED and RECOMMENDED this 27th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5