IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CLARENCE HENRY DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-010 |
| ) | |
| JERRY SIKES, Warden, Montgomery ) | |
| State Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court upon Plaintiff's "Motion for Entry of Default." (Doc. no. 30). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default be **DENIED**.

### I. MOTION FOR DEFAULT

Plaintiff asserts that he is entitled to a default because Plaintiff believes that Defendants "have failed to answer or otherwise defend as to Plaintiff's complaint or serve a copy of any answer or any defense...." (Doc. no. 30). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

As set forth above, a default is available under Fed. R. Civ. P. 55 only when a party

has failed to plead or otherwise defend as provided by the Federal Rules. In the instant case the record reflects that Defendants have been served and submitted their waiver of service summons on July 2, 2008. (Doc. nos. 26-29). Accordingly, Defendants had until September 2, 2008, to file their answers or otherwise defend their cause. Here, contrary to Plaintiff's assertion, Defendants have in fact, timely defended their cause. On July 2, 2008, Defendants filed their motion to dismiss Plaintiff's complaint. (Doc. no. 21).

As such, the Court notes that Defendants have clearly plead or otherwise defended their cause as provided by the Federal Rules and therefore a default is not warranted. Thus, they are not in default and Plaintiff is not entitled to a default. Accordingly, Plaintiff's requests for entry of default should be denied.[1]

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default be **DENIED**. (Doc. no. 30).

SO REPORTED and RECOMMENDED this 22nd day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff certified that he served his motion for default on Defendants "[] Gramiak, [] Fountain, [] Powell, et al., and the Department of Corrections." (Doc. no. 30, p. 2). However, the Court has instructed Plaintiff that "Plaintiff shall serve upon the defendants, **or upon their attorneys if appearance has been entered by counsel**, a copy of every further pleading or other document submitted to the Court." (Doc. no. 13, p. 5) (emphasis added). Here, Defendants are being represented by an attorney, and thus, Plaintiff must serve pleadings or other documents on Defendants' attorney, not the individual Defendants.

2