ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAR -6 AM 10: 35
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CLARENCE HENRY DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-010 |
| ) | |
| JERRY SIKES, Warden, Montgomery ) | |
| State Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brought the captioned case pursuant to 42 U.S.C. § 1983. The matter is before the Court on Defendants' motion to dismiss Plaintiff's case in light of his failure to notify the Court of his change of address. (Doc. no. 44). Moreover, the docket shows that Plaintiff's service copy of the Court's most recent order in this case was returned as "undeliverable." (Jan. 20, 2009 docket entry). In addition, although Plaintiff's address with the Court lists Plaintiff as being incarcerated at Hancock State Prison, Defendants note that a Georgia Department Corrections Inmate Query for Plaintiff reveals that Plaintiff was released from the custody of the Georgia Department of Corrections on November 12, 2008. (Doc. no. 44, p. 6 and Ex. A). Thus, Defendants contend that the instant case should be dismissed pursuant to Fed. R. Civ. P. 41(b). (Id. at 5).

Although the Court is reluctant to rule on a dispositive motion to dismiss without first hearing from *pro se* Plaintiff, unfortunately, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to communicate with him. Indeed, Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Court has specifically warned Plaintiff, "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 6, p. 4). The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., ___ F.3d ___, No. 07-11342, 2009 WL 250601, at *4 (11th Cir. Feb. 4, 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's case for his failure to update his address with the Court (doc. no. 44) be **GRANTED**. Because the Court is recommending dismissal of Plaintiff's case, the Court also **REPORTS** and **RECOMMENDS** that the other outstanding motions -- Defendants' motion to dismiss (doc. no. 21), and Plaintiff's motion for

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

reconsideration of the Court's Order granting Defendants' motion to stay pending the resolution of the motion to dismiss (doc. no. 39) – be deemed **MOOT**.

SO REPORTED and RECOMMENDED this ___ day of March, 2009, at Augusta, Georgia.

```
                                    /s/ W. Leon Barfield
                                    W. LEON BARFIELD
                                    UNITED STATES MAGISTRATE JUDGE
```